**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JUAN ANGEL HERNANDEZ SOTO,
A# 242-242-620,**

      **Petitioner,**

**vs.**                                                      **Case No. 4:26cv148-MW/MAF**

**WARDEN, LIBERTY COUNTY
SHERIFF'S OFFICE,
GARRETT RIPA,
TODD M. LYONS,
MARKWAYNE NULLIN,
and PAM BONDI,**

      **Respondents.**

_____/

**<u>ORDER GRANTING HABEAS PETITION</u>**

Petitioner, represented by counsel, initiated this case on April 1, 2026, by

filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1,

and simultaneously paying the filing fee.  Petitioner alleges that his current

"unlawful indefinite mandatory detention" by immigration officials without a bond

hearing violates his Due Process rights under the United States Constitution and

the Immigration and Nationality Act ("INA").  ECF No. 1 at 2, 3.

Service of the petition was directed.  ECF No. 3.  Respondents filed their response to the petition on May 1, 2026, ECF No. 6, and contend the petition should be denied.  On May 8, 2026, Respondents filed a notice, ECF No. 8, advising of a recent published decision from the Eleventh Circuit Court of Appeal.[1]  Respondents advise that the decision "appears to substantially impact, if not control, the issue of mandatory detention" under 8 U.S.C. § 1225(b).  ECF No. 8 at 1.  Further, Respondents acknowledge that the decision is contrary to the position taken in their response, ECF No. 6, filed on May 1, 2026.  ECF No. 8 at 1-2.

Petitioner filed a reply, ECF No. 9, pointing out that "the controlling law has now changed decisively in Petitioner's favor."  Petitioner cites to the Eleventh Circuit's opinion in Hernandez Alvarez v. Warden, Federal Detention Center Miami, No. 25-14065, slip op. at 4–5, 20–21, 35–36, 56 (11th Cir. May 6, 2026), pointing out that it rejected the Government's argument that § 1225(b)(2)(A) applies "to unadmitted noncitizens found in the interior who are not actually 'seeking admission,' and that § 1226 governs detention in that circumstance."  *Id.* at 2.

---

[1] The decision is Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, --- F.4th ---, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026) (considering "whether unadmitted aliens found in the interior of the United States are eligible for bond while they go through immigration proceedings")).

**The § 2241 Petition**

Petitioner is a citizen and national of Honduras. ECF No. 1 at 2, 6. Petitioner entered the United States "through the southern border without inspection in March of 2006." *Id.* at 2. He was around 15 years of age at the time, and has now lived in the United States for 20 years. *Id.* at 8. He has a pending asylum application pursuant to 8 U.S.C. § 1158 which was filed in 2024. *Id.* at 2, 6-7. He has his asylum interview in February 2026. *Id.* at 8. Petitioner acknowledges that he "entered the United States without inspection" and was not apprehended, but contends he "is not subject to detention under 8 U.S.C. § 1226(a), § 1225(b)(1), or § 1231 . . . ." *Id.* at 3.

Petitioner advises that he has a current "Employment Authorization Document" ["EAD"] and has "complied with everything required of him by the government since his initial entry into the United States." *Id.* at 8. He is the father of four children, all of whom are U.S. citizens. *Id.* at 9. He has built a life in the United States, works as a construction worker, and has "strong community ties." *Id.* at 8.

Petitioner has been in immigration detention since March 7, 2026, following a traffic stop. ECF No. 1 at 2. He was arrested and has a pending criminal charge, but his "family paid for his bond out of the county jail." *Id.* at 8. Petitioner was

transferred from the Walton County Jail to the Liberty County Jail where he remains.  ECF No. 1 at 8.  His only other arrest was in 2010 for driving without a driver's license.  *Id.*

Petitioner alleges that he has been in the United States for an "extended period of time," but was not "seeking admission."  *Id.* at 9.  Petitioner argues that his detention is governed by § 1226(a),[2] not § 1225(b), and he should not be "subject to § 1226(a) mandatory detention."  *Id.* at 9-10.  He is also "not subject to § 1231 because no final order of removal exists."  *Id.* at 10.  Thus, Petitioner claims that his ongoing detention without an individualized bond hearing violates the Fifth Amendment's Due Process Claus and INA § 1226.  *Id.* at 18-21.

**The Government's Response**

Respondents request that the petition and motion be denied.  ECF No. 6 at 1.  The response points out that Petitioner illegally entered the United States "without being admitted or paroled after inspection by an Immigration Officer."  *Id.*  He was arrested for DUI on March 7, 2026, and has been "placed in removal "proceedings under § 236 of the INA.  *Id.* at 1-2.  According to Respondents, Petitioner is

---

[2] "Section 1226(a) states that a noncitizen already present in the United States 'may be arrested and detained pending a decision on whether the alien is to be removed from the United States' and may be released on bond."  8 U.S.C. § 1226(a)(2).  Pereira v. Bondi, No. 25-CV-26037-GAYLES, 2026 WL 709758, at *3 (S.D. Fla. Mar. 13, 2026) (quoting 8 U.S.C. § 1226(a)(2).  Notably, "aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge."  Garcia v. Bondi, No. 2:25-CV-01158-SPC-NPM, 2025 WL 3703640, at *1 (M.D. Fla. Dec. 22, 2025).

detained pursuant to § 1225(b)(2) and has been given the "process afforded by" that statute and 8 U.S.C. § 1229a.  *Id.* at 2.

Respondents argue that Petitioner's pending asylum application is untimely and "does not impact USCIS detention authority under the INA," *Id.* at 2-3. Further, they contend that as an "arriving alien," he may secure release on parole by following the procedures set forth in 8 U.S.C. § 1182(d)(5)(A), but has failed to do so.  *Id.* at 3-5.  Importantly, Respondents assert that "Petitioner is currently detained under 8 U.S.C. § 1225(b)(2) and is therefore ineligible for release under 8 U.S.C. § 1226(a)."  *Id.* at 6.  Respondents contend he "has not suffered prolonged detention" since he "has only been in custody since March 7, 2026."  *Id.* at 7. Further, Respondents argue that § 1252(g) strips this Court of jurisdiction to consider Petitioner's claims.  ECF No. 6 at 8.

**Analysis**

Respondents argument concerning jurisdiction is addressed first.  Section 1252(g) bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]"  28 U.S.C. § 1252(g).  The statute does not, however, apply "to the full universe of deportation-related claims," but rather, applies only to "the three 'discrete'

governmental actions enumerated in that subsection."  Wallace v. Sec'y, U.S. Dep't of Homeland Sec., 616 F. App'x 958, 960 (11th Cir. 2015) (citation omitted). Petitioner's claim in this case does not arise from one of the covered actions.  See Madu v. U.S. Atty. Gen., 470 F.3d 1362, 1368 (11th Cir. 2006) (noting that § 1252(g) "does not proscribe substantive review of the underlying legal bases for those discretionary decisions and actions" such as a constitutional challenge to detention).  Petitioner is challenging only his continued detention without a bond hearing and not a decision to commence immigration proceedings, a ruling made in that proceeding, or a decision to execute a removal order.  Indeed, there is no indication that a removal order has been entered.  This argument is rejected.

Additionally, Respondents contend that the petition should be denied for failure to  exhaust administrative remedies.  ECF No. 6 at 3.  The argument is premised on Respondents' contention that Petitioner's detention is pursuant to § 1225(b) because he is an "arriving alien." *Id.*  As explained below, the argument as to the basis for detention is rejected.  Furthermore, this Court agrees with the other district courts in Florida which have held that "exhaustion is excused because it would be futile."  Ramos v. Warden, No. 2:26-CV-32-JES-DNF, 2026 WL 195200, at *1 (M.D. Fla. Jan. 26, 2026); Mejia v. Lyons, No. 0:26-60258-CIV, 2026 WL 914753, at *2 (S.D. Fla. Apr. 3, 2026) ("exhaustion is not required where

no genuine opportunity for adequate relief exists...or an administrative appeal would be futile[.]") (citations omitted) <u>Cetino v. Hardin</u>, No. 2:25-CV-1037-JES-DNF, 2025 WL 3558138, at *2 (M.D. Fla. Dec. 12, 2025) ("requiring Cetino to make an administrative request for a bond hearing would be futile because the result is predetermined").  Petitioner was not required to exhaust a non-existent and futile remedy.

For nearly thirty years, non-admitted aliens who were encountered in the interior of the United States as opposed to being intercepted at the border have been "eligible for bond while they go through immigration proceedings." <u>Hernandez Alvarez</u>, 2026 WL 1243395, at *1.  In 2025, the Department of Homeland Security ("DHS") changed its position and has argued that such "aliens must be detained without bond under 8 U.S.C. § 1225(b)(2)(A)."  2026 WL 1243395, at *1.  That statute provides that "[s]ubject to subparagraphs (B) and (C),[3] in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and

---

[3] Those provisions are not applicable but (B) provides an exception to "(i) who is a crewman, (ii) to whom paragraph (1) applies, or (iii) who is a stowaway."  Paragraph (C) provides: "In the case of an alien described in subparagraph (A) who is arriving on land (whether or not at a designated port of arrival) from a foreign territory contiguous to the United States, the Attorney General may return the alien to that territory pending a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(B),(C).

beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).

The Eleventh Circuit has now rejected that argument in Hernandez Alvarez, finding that § 1225(b)(2)(A) governed the detention of the petitioners instead of § 1226(a).  2026 WL 1243395, at *5, *8, and *13.  The court concluded "that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here."  Importantly, the Court pointed out that the petitioners in Hernandez Alvarez "were not applying for entry in any literal sense when they were detained following a traffic stop, nor were they taking any cognizable step to obtain the rights and privileges of lawful entry. They were only present in the country."  2026 WL 1243395, at *8.  The Court said "the Government ha[d] conflated the passive condition of 'presence' with actively 'seeking' something specific, in contravention of the actual words and definitions Congress chose").

While not binding, the Eleventh Circuit's opinion in Hernandez Alvarez is persuasive authority.[4]  The holding is consistent with three other circuit courts. Barbosa da Cunha v. Freden, No. 25-3141-PR, 2026 WL 1146044, at *23 (2d Cir. Apr. 28, 2026) (concluding that Petitioner's detention is governed by Section

---

[4] An Order was entered on May 13, 2025, stating that a judge of the "Court withholds issuance of the mandate" in Hernandez Alvarez.  ECF No. 76 of case 25-14065.

1226(a), not Section 1225(b)(2)(A)"); <u>Lopez-Campos v. Raycraft</u>, No. 25-1965, 2026 WL 1283891, at *3 (6th Cir. May 11, 2026) (joining the Second and Eleventh Circuits); <u>Castanon-Nava v. U.S. Dep't of Homeland Sec.</u>, No. 25-3050, 2026 WL 1223250, at *13 (7th Cir. May 5, 2026) (holding that "§ 1225(b)(2)(A)'s text leads to the conclusion that the provision applies not to all 'applicants for admission' en masse but only to those 'applicants for admission' who are actively 'seeking' lawful admission").  It has, however, been rejected by two circuits.  <u>Avila v. Bondi</u>, 170 F.4th 1128, 1138 (8th Cir. 2026) (finding "the district court erred in holding that the Government could not detain Avila without bond under § 1225(b)(2)(A) and in granting habeas relief on that basis"); <u>Buenrostro-Mendez v. Bondi</u>, 166 F.4th 494, 506 (5th Cir. 2026) (holding that § 1225 applies to aliens who entered the United States in 2009 without admission").  Given the time sensitive nature of this proceeding, this Court will proceed in line with <u>Hernandez Alvarez</u>, which Respondents acknowledge undercuts their position.  It is concluded that Petitioner's detention is governed by 8 U.S.C. § 1225 and not § 1226.  Petitioner is not an "arriving alien" who is "seeking admission" and, thus, he is not subject to mandatory detention.  Petitioner is subject to the discretionary detention provision of § 1226 which "applies to aliens unlawfully in the interior."  2026 WL 1243395, at *14.  Detention is discretionary under § 1226(a) which provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General–

(1) may continue to detain the arrested alien; and

(2) may release the alien on--

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

> (B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

8 U.S.C. § 1226(a).  As explained by the Eleventh Circuit, § 1226 "supplies the default rule of detention for an alien arrested and detained in the interior, whether he is being removed on grounds of deportability or inadmissibility."  2026 WL 1243395, at *18.  Respondents do not have "unfettered authority" to detain the Petitioner "without the possibility of bond."  *Id.* at *21.  The petition for issuance of a writ of habeas corpus pursuant to § 2241, ECF No. 1, is granted.

Accordingly, it is

**ORDERED:**

1.  The petition for writ of habeas corpus, ECF No. 1, is **GRANTED**.

2.  The Clerk shall enter judgment stating, Respondents must either provide Petitioner with an individualized bond hearing pursuant to § 1226(a) before an Immigration Judge within seven (7) days or, in the alternative, they must release Petitioner.

3.  The Clerk shall close the file.

**SO ORDERED on May 15, 2026.**

  **s/   Mark E. Walker**
**United States District Judge**